748 A.2d 202

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jose Antonio MARRERO, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 19, 1999.

Decided Feb. 22, 2000.

William J. Hathaway, Erie, for Jose Antonio Marrero.

Robert Brett Dunham, Philadelphia, for amicus curiae.

Joseph P. Conti, Erie, Lisa M. Schlosser, for Com.

Robert A. Graci, for Office of Attorney General.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

ZAPPALA, Justice.

This is an appeal from an order of the Court of Common Pleas of Erie County denying Appellant's petition for post-conviction relief brought pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* For the reasons that follow, we affirm.

On December 19, 1997, Appellant, acting *pro se,* sought review under the PCRA of his criminal convictions for first degree murder, burglary, theft by unlawful taking and possession of an instrument of crime. Present counsel was appointed to represent Appellant in connection with the PCRA proceedings. On April 30, 1998, an amended PCRA petition was filed on Appellant's behalf, asserting that appellate counsel was ineffective for failing to raise five claims of trial counsel's ineffectiveness. Specifically, Appellant contended that appellate counsel was ineffective for failing to assert trial counsel's ineffectiveness for: (1) failing to inquire into Appellant's competence by not seeking psychological and/or intelligence evaluations of Appellant; (2) failing to conduct *voir dire* concerning racial bias; (3) failing to investigate and present mitigative witnesses during the penalty phase of Appellant's trial; (4) improperly advising Appellant not to testify during the penalty phase; and (5) failing to argue Appellant's acceptance of responsibility as a mitigating circumstance under 42 Pa.C.S. § 9711(e)(8).

By order dated June 10, 1998, the PCRA court scheduled a hearing on claims 3, 4 and 5, and summarily dismissed claims 1 and 2. The court determined that claim 1 was contradicted

by the record and meritless, and that claim 2 was not cognizable under the PCRA because it had been previously litigated on direct appeal to this Court.

An evidentiary hearing was held on August 5th and 6th, 1998. Pursuant to a directive from the PCRA court, Appellant filed a supplemental brief in support of his PCRA petition on August 21, 1998. The Commonwealth filed its supplemental brief in opposition to the petition on August 31, 1998. On September 16, 1998, Appellant was denied PCRA relief. In its opinion, the PCRA court determined that since "Appellant's Supplemental Brief in Support of Motion for Post Conviction Collateral Relief" only set forth claim 3, Appellant had abandoned claims 4 and 5. Slip op. at 1 n.1.

Nevertheless, in his brief to this Court, Appellant attempts to assert not only claim 3, but also claims 1 and 2, which were summarily dismissed by the PCRA court before the hearing, as well as claims 4 and 5, which the PCRA court determined Appellant had abandoned. Appellant fails to assert in his brief that the PCRA court erred in finding that claim 2 was previously litigated on direct appeal. Likewise, Appellant fails to assert that the PCRA court erred in finding claims 4 and 5 waived. Accordingly, the claims are not properly before this Court.

Therefore, the only issues that have been preserved for review by this Court are claims 1 and 3.[1] We agree with the PCRA court that Appellant is due no relief on either claim.

1. The Concurring Opinion concludes that these two claims, as well as Appellant's other three claims, have been waived because Appellant failed to properly "layer" his ineffectiveness claims in his brief. *See* Concurring op. at 204. We cannot agree with this hyper-technical waiver analysis. Pursuant to Pa.R.A.P. 2111(a)(4) (brief of the appellant shall contain a statement of the questions involved), Appellant's brief contains a section entitled "Questions Presented for Review." The first five questions presented by Appellant consist of the five claims of trial counsel's ineffectiveness. The sixth and final question further asserts that appellate counsel was ineffective for failing to assert each of the five claims of trial counsel's ineffectiveness. Thus, a common sense reading of the plain language contained in the "statement of the questions involved" section of Appellant's brief can only result in the reasonable conclusion that Appellant is asserting appellate counsel's ineffectiveness for failing to assert five claims of trial counsel's ineffec-

■ Appellant asserts in claim 1 that trial counsel failed to sufficiently investigate three witnesses, Appellant's mother, maternal uncle and maternal uncle's wife, who could have provided the jury with credible and compelling mitigative evidence on Appellant's behalf. The PCRA court determined that it was Appellant's refusal to cooperate with both trial counsel and the court appointed investigator which precluded any reasonable investigation of possible mitigative witnesses. The record fully supports the PCRA court's conclusion.

■ Appellant asserts in claim 3 that trial counsel failed to inquire into Appellant's competence by not seeking psychological and/or intelligence evaluations of Appellant. The record reveals that trial counsel did in fact motion the trial court for the appointment of a forensic toxicologist, psychiatrist and psychologist, to examine Appellant. However, attempts at securing expert evaluations of Appellant were precluded by Appellant's refusal to cooperate with trial counsel or assist in his own defense.

Appellant is due no PCRA relief. The order of the Court of Common Pleas of Erie County is affirmed.[2]

Justice NIGRO files a Concurring Opinion in which Justices CASTILLE and NEWMAN join.

NIGRO, Justice, concurring.

The majority reaches the merits of two of Appellant's five claims of ineffective assistance of counsel on appeal to this Court. In my view, Appellant has waived all of his claims of ineffective assistance of counsel by failing to properly layer and develop them. However, since the majority concludes that Appellant's ineffectiveness claims do not entitle him to relief, I concur in the result reached by the majority.

tiveness. We fail to see what more Appellant should be required to argue in the body of his brief in order to properly "layer" his ineffectiveness claims.

**2.** The Prothonotary is directed to transmit to the Governor a full and complete record of the trial, sentencing hearing, imposition of sentence and review by this Court. 42 Pa.C.S. § 9711(i).

In *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693 (1998), this Court held that the relaxed waiver rule no longer applies to capital PCRA appeals. *Id.* at 44, 720 A.2d at 700. Accordingly, in order to establish his eligibility for relief under the PCRA, Appellant must prove by a preponderance of the evidence that his allegations of error have not been waived. 42 Pa.C.S. § 9543(a)(3). An issue raised in a PCRA petition is deemed waived if the petitioner could have raised the issue but failed to do so before trial, at trial, on direct appeal or in a prior state postconviction proceeding. 42 Pa.C.S. § 9544(b).

All but one of the claims raised by Appellant in his appeal to this Court are framed in terms of ineffective assistance of trial counsel. The Commonwealth contends, and I agree, that pursuant to 42 Pa.C.S. § 9544(b), Appellant has waived all of his ineffective assistance of trial counsel claims by failing to present them at his first opportunity to do so when his trial counsel no longer represented him, which was on his direct appeal to this Court.

However, Appellant does list in the questions presented for review section of his brief to this Court a catchall claim of ineffective assistance of prior appellate counsel, which, if properly presented, would not be considered waived, since this was Appellant's first opportunity to attack the stewardship of his prior appellate counsel. *See, e.g., Commonwealth v. Wallace*, 555 Pa. 397, 405–07, 724 A.2d 916, 921 (1999) (ineffectiveness claims raised by a defendant in a PCRA petition will not be deemed waived so long as the PCRA petition represents his first opportunity to challenge the stewardship of his allegedly ineffective prior counsel) (citations omitted). Appellant's catchall claim of ineffective assistance of prior appellate counsel is listed as follows: "Whether the Appellant was afforded ineffective assistance of counsel in that appellate counsel failed to preserve and raise the foregoing claims [of ineffective assistance of trial counsel] in the prior direct appeal to this Court?" (Appellant's Brief at 2.)

Importantly, Appellant presents absolutely no argument in support of his catchall claim of ineffective assistance of prior appellate counsel in his brief to this Court. Instead, Petition-

er simply argues the merits of his various claims of ineffective assistance of trial counsel. In my opinion, and consistent with this Court's prior caselaw, Appellant has therefore also waived his catchall claim of ineffective assistance of prior appellate counsel. *See Commonwealth v. LaCava*, 542 Pa. 160, 176 n. 9, 666 A.2d 221, 228 n. 9 (1995)(issues not mentioned, much less developed in the argument section of a brief to this Court are deemed waived).

Although this is a capital case, the clear language of the PCRA and the rules established by this Court's caselaw cannot be circumvented—Appellant has effectively waived both his catchall claim that his prior appellate counsel was ineffective for failing to raise his various claims of ineffective assistance of trial counsel on his direct appeal, and all of his underlying claims of ineffective assistance of trial counsel.

Justices CASTILLE and NEWMAN join in the concurring opinion.