

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2006

# Holiday v. Varner

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1451

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Holiday v. Varner" (2006). *2006 Decisions.* Paper 1250.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1250

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-1451

———

STEVEN HOLIDAY,
                            Appellant

v.

BENJAMIN VARNER, Superintendent SCI-Smithfield; THE OFFICE OF THE
DISTRICT ATTORNEY OF PHILADELPHIA; LYNNE ABRAHAM; THE
ATTORNEY GENERAL OF PENNSYLVANIA, *TOM CORBETT
                            *{Substituted pursuant to Rule 43(c))

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 04-cv-00827)
District Judge:  Hon. Clifford Scott Green

———

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2006

Before:  SLOVITER, AMBRO and MICHEL*, Circuit Judges

———

(Filed April 19, 2006)

———

OPINION

———

_____

* Hon. Paul R. Michel, Chief Judge of the United States
Court of Appeals for the Federal Circuit, sitting by
designation.

MICHEL, Circuit Judge.

Steven Holiday appeals from an order of the United States District Court for the Eastern District of Pennsylvania, denying without an evidentiary hearing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254, as amended by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). We affirm the district court's denial of habeas relief, but on alternate grounds. In short, we disagree with the finding that Holiday was procedurally barred from seeking federal habeas review of his ineffective assistance claims against appellate counsel, but we find, on the merits, that he is not entitled to habeas relief or an evidentiary hearing thereon.

On December 9, 1997, Holiday was convicted of first degree murder, criminal conspiracy and carrying a firearm. He was sentenced to life imprisonment without parole, plus two additional terms of two-and-a-half to five years, one consecutive and one concurrent. The Superior Court affirmed his conviction on September 28, 1999, rejecting, inter alia, three alleged instances of ineffective assistance of trial counsel presented by new counsel. Commonwealth v. Holiday, 747 A.2d 413 (Pa. Super. 1999). The Supreme Court of Pennsylvania denied his request for further appellate review on April 27, 2000. Commonwealth v. Holiday, 757 A.2d 929 (Pa. 2000).

On March 12, 2001, Holiday filed a petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), alleging ineffective assistance of trial counsel for three additional reasons and, by extension, ineffective assistance of appellate counsel (a

2

different lawyer) for failing to raise those three reasons on direct appeal.  Specifically, he argued that trial counsel failed to: (1) object to a "progression charge" and request an "unable to agree" instruction that would have allowed the jury to consider a lesser charge without first unanimously acquitting the defendant of the greater offense; (2) request a "no adverse inference" instruction with respect to the defendant's failure to testify; and (3) object to an instruction that defined "reasonable doubt" as that which "would cause a reasonably careful and sensible person to pause, hesitate, or refrain from acting upon a matter of highest importance in his or her own affairs or to his or her own interest."

The PCRA petition was dismissed by the Philadephia County Court of Common Pleas ("PCRA court") on June 26, 2002.  In the opinion that followed on July 12, 2002, the PCRA court explained that Holiday's claims pertaining to trial counsel had been waived because they were not raised at the first point in the proceedings when he was no longer represented by that lawyer on direct appeal.  Nonetheless, the PCRA court went on to address each of the alleged instances of ineffective assistance on the merits, finding that trial counsel could not be deemed ineffective for the reasons alleged in Holiday's petition and, therefore, appellate counsel could not be deemed ineffective for failing to raise those reasons on appeal in addition to the three claims of ineffective assistance that appellate did raise.

On June 30, 2003, the Superior Court affirmed, adopting the rationale of the PCRA court and attaching a copy of that opinion.  Commonwealth v. Holiday, 832 A.2d

3

537 (Pa. Super. 2003). With respect to Holiday's ineffective assistance claims against his counsel on direct appeal, Bruce Wolf, the Superior Court reasoned:

> We find that Holiday has failed to prove his entitlement to relief under the PCRA. In both his PCRA petition and his brief to this Court, Holiday baldly asserts at the end of each argument regarding trial counsel's ineffectiveness that direct appeal counsel was ineffective for failing to raise these claims. . . . Mere boilerplate allegations appended to waived claims of trial court or trial counsel's error are insufficient to prove an ineffectiveness claim under the PCRA.
>
> . . . [Holiday] does not even attempt to show how Attorney Wolf's failure to raise these claims on direct appeal lacked any reasonable basis designed to effectuate his interests or how the outcome would have differed had these claims been raised. Indeed, Holiday never discusses Attorney Wolf's performance, except to say that the claims he <u>did</u> raise on direct appeal, which included three claims of trial counsel's ineffectiveness, "had no chance of prevailing." Holiday's bald allegations of direct appeal counsel's ineffectiveness cannot undo the waiver of the underlying claims. Holiday, therefore, has failed to establish his entitlement to relief.
>
> Even if Holiday had properly pled his claims of direct appeal counsel's ineffectiveness, however, we would agree with the PCRA court that none of them has merit for the reasons discussed in its opinion. (Citations omitted).

On December 23, 2003, the Supreme Court of Pennsylvania denied Holiday's petition for allocatur. <u>Commonwealth v. Holiday</u>, 841 A.2d 529 (Pa. 2003).

On February 25, 2004, Holiday filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania, making the same arguments he had raised in his PCRA petition. On September 30, 2004, Magistrate Judge Arnold C. Rapoport issued a Report and Recommendation, finding that the ineffective assistance claims against trial counsel were procedurally defaulted because the state court had relied on "an independent and adequate state ground" – <u>i.e.</u>, waiver – in denying

4

relief. Coleman v. Thompson, 501 U.S. 722, 735 (1991). He also concluded that Holiday was procedurally barred from federal habeas review of his claims against appellate counsel. He explained that Holiday did not comply with the pleading requirements for layered ineffectiveness of counsel claims and his claims were therefore waived. Magistrate Judge Rapoport recommended denying the habeas petition with prejudice and dismissing it without an evidentiary hearing. On January 19, 2005, Senior Judge Clifford Scott Green approved and adopted the magistrate's report.

A timely appeal followed. On June 2, 2005, this Court granted a certificate of appealability on (1) whether the district court erred in finding the ineffective assistance claims against appellate counsel procedurally defaulted and (2) if so, whether, on the merits, Holiday was entitled to habeas relief.

Because no evidentiary hearing was conducted by the district court, this court's review is plenary. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001). "In habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on those claims, or to be interwoven with those claims and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition." Coleman v. Thompson, 501 U.S. at 735; see also Michigan v. Long, 463 U.S. 1032, 1041-41 (1983). Here, the Pennsylvania Superior Court did not clearly or expressly indicate that it considered Holiday's ineffective assistance claims with respect to appellate counsel waived as insufficiently pled. On the

5

contrary, it focused on whether the "boilerplate allegations" were "insufficient to prove an ineffectiveness claim under the PCRA," i.e., an evaluation of the merits that a federal habeas court is free to review. In other words, the court seemed to rely on appellant's failure to adduce adequate proof before the PCRA court.

Nor are we convinced that, at the time Holiday filed his PCRA petition on March 12, 2001, there was a clearly established procedural rule for pleading a layered ineffectiveness claim on state collateral review. In Commonwealth v. Marrero, 748 A.2d 202 (Pa. 2000), the majority rejected the view of the concurring opinion, that appellant's claim of ineffective assistance of appellate counsel was waived when it was only generally asserted in the statement of questions presented without further support in the brief. Id. at 203, n.1. The following year, the issue was revisited:

> In light of the Marrero opinions, it is apparent that competent PCRA counsel must, in pleadings and briefs, undertake to develop, to the extent possible, the nature of the claim asserted with respect to each individual facet of a layered ineffectiveness claim, including that which relates to appellate counsel. While a majority of this Court would presently continue to allow a degree of latitude in this regard, the distinction between sufficient and insufficient claims will likely undergo further development over time in the context of specific cases; therefore, to ensure a petitioner's entitlement to merits review, it is critical that post-conviction counsel avoid arguments on the fringes of appropriate presentation.

Commonwealth v. Williams, 782 A.2d 517, 525-26 (Pa. 2001) (emphasis added). Indeed, it was not until September 29, 2003, three months after the Superior Court affirmed the denial of Holiday's PCRA petition, that the Supreme Court of Pennsylvania set forth a clear explanation of the "plead and prove" requirement of 42 Pa.C.S. § 9543(a)(2)(ii).

6

[W]e now clarify that in order for a petitioner to properly raise and prevail on a layered ineffectiveness claim, sufficient to warrant relief if meritorious, he must plead, present and prove the effectiveness of Counsel 2 (appellate counsel), which as we have seen, necessarily reaches back to the actions of Counsel 1 (trial counsel). To preserve (plead and present) a claim that Counsel 2 was ineffective in our hypothetical situation, the petitioner must: (1) plead, in his PCRA petition, that Counsel 2 was ineffective for failing to allege that Counsel 1 was ineffective for not objecting to the erroneous jury instruction . . . and (2) present argument on, i.e., develop, each prong of the Pierce test as to Counsel 2's representation, in his briefs or other court memoranda. Then, and only then, has the petitioner preserved a layered claim of ineffectiveness for the court to review; then, and only then, can the court proceed to determine whether the petitioner has proved his layered claim.

Commonwealth v. McGill, 832 A.2d 1014, 1022 (Pa. 2003) (citations omitted).

On the merits, however, the standard of review under AEDPA is deferential. We cannot grant relief unless the PCRA court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The "contrary to" prong is met if a state court "applied a rule that contradicts the governing law as set forth in the Supreme Court's cases," or "confronted a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrived at a result different from the Court's precedent." Fountain v. Kyler, 420 F.3d 267, 273 (3d Cir. 2005) (citations omitted). The "unreasonable application" test is met "only if the state court identified the correct governing legal rule but unreasonably applied it to the particular case or if the state court either unreasonably extended a legal principle from

7

Supreme Court precedent to a new context in which it should not apply or where it unreasonably refused to extend such a principle to a new context in which it should apply." Id.

On appeal, Holiday focuses on his claims of ineffectiveness with respect to the progression charge and the reasonable doubt instruction. On the progression charge, the PCRA court found that appellate counsel could not be deemed ineffective for failing to raise this alleged instance of ineffectiveness of trial counsel because the authorities Holiday cited from other jurisdictions – i.e., Arizona, Hawaii, Michigan, Ohio and Oregon – were not binding on Pennsylvania courts, which had repeatedly upheld the constitutionality of such a jury instruction. As to the reasonable doubt instruction, the PCRA court found that appellate counsel could not be deemed ineffective for failing to raise that ineffectiveness claim either, for the same reason: it was a standard jury instruction and Pennsylvania courts had previously rejected a similar challenge. These holdings were not contrary to or unreasonable applications of clearly established federal law. Thus, we affirm the denial of Holiday's habeas petition.