NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1597
_____

JOSE MARRERO,

Appellant

v.

COMMISSIONER MARTIN HORN, Pennsylvania Department of Corrections;
SUPERINTENDENT: GREGORY R. WHITE of the State Correctional Institution at
Pittsburgh; JOSEPH MAZURKIEWICZ, Superintendent of the State Correctional
Institution at Rockview
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 00-cv-02155)
District Judge: Honorable Donetta W. Ambrose
_____

Argued October 23, 2012
Before: HARDIMAN, GREENAWAY, JR., and VANASKIE, *Circuit Judges*.

(Filed: November 28, 2012)

Sondra R. Rodrigues [ARGUED]
Suite 200
1500 John F. Kennedy Boulevard
Two Penn Center Plaza
Philadelphia, PA 19102
            *Attorney for Plaintiff-Appellant*

Mark W. Richmond
Robert A. Sambroak, Jr.[ARGUED]
Elizabeth Vanstrom
Erie County Office of District Attorney

140 West 6th Street
Erie, PA 16501
        *Attorneys for Defendant-Appellees*
                    _____

                OPINION OF THE COURT
                    _____

HARDIMAN, *Circuit Judge*.

Jose Marrero, a Pennsylvania state prisoner, appeals the judgment of the District

Court denying his petition for writ of habeas corpus. We will affirm, essentially for the

reasons stated by the District Court in its scholarly opinion.

I

Because the District Court provided a detailed account of the factual and

procedural background of this case, *see Marrero v. Horn*, 2008 WL 3833382, at *2–*13

(W.D. Pa. Aug. 15, 2008), we will only briefly summarize the state court proceedings

leading up to this appeal.

The Commonwealth charged Marrero with criminal homicide, burglary, rape, and

related crimes on February 3, 1994. Timothy J. Lucas was appointed as his defense

counsel. The relationship between Marrero and Lucas became strained after a

disagreement over whether Marrero should withdraw a guilty plea, and, following that

disagreement, Marrero ceased cooperating with Lucas. The presiding judge, Shad

Connelly of the Court of Common Pleas of Erie County, was informed of this issue by

both Marrero and Lucas, and, based on his observations of the proceedings, he

2

determined that Marrero's refusal to cooperate was deliberate.  Throughout pre-trial and trial proceedings, Judge Connelly made multiple findings that Marrero's decisions with respect to the proceedings were made voluntarily and knowingly.

After Marrero withdrew his guilty plea, a jury convicted him of first-degree murder, burglary, theft by unlawful taking, and possessing instruments of crime.  Marrero raised several claims on direct appeal, none of which are relevant to this federal appeal. *See Commonwealth v. Marrero*, 687 A.2d 1102 (Pa. 1996).  The Pennsylvania Supreme Court affirmed the judgment of conviction.  *Id*. at 1111.

Marrero filed a *pro se* motion for post-conviction collateral relief pursuant to the Pennsylvania Post Conviction Relief Act (PCRA) in the Court of Common Pleas on December 22, 1997, and his new counsel subsequently filed an amended motion.  In "Claim One" of the amended motion, Marrero argued that he had been incompetent to stand trial, that Judge Connelly should have held a competency hearing, and that Lucas was ineffective for failing to request a competency hearing.  Judge Connelly rejected those claims, finding that the issue of Marrero's competency was "contradicted by the record and meritless."  He explained that the record showed that Marrero understood and acknowledged his rights throughout the proceeding and "demonstrated his ability to cooperate with counsel when he chose to."

Marrero filed an appeal to the Pennsylvania Supreme Court on September 28, 1998, and the Commonwealth submitted its response on January 13, 1999.  Seven months

3

later, on August 6, 1999, attorneys from the Capital Habeas Corpus Unit of the Federal Community Defender for the Eastern District of Pennsylvania attempted to intervene in the appeal by submitting a motion for remand. The motion for remand raised three issues that had not been raised in earlier filings: (1) whether Marrero was denied effective assistance of counsel because Lucas failed to investigate and present a diminished capacity defense at the guilt phase of his trial; (2) whether Marrero's confessions were inadmissible at trial because he was unable to make a knowing and intelligent waiver of his *Miranda* rights, and whether he was denied effective assistance because Lucas failed to litigate that claim; and (3) whether Marrero's confession was obtained in violation of the Fourth Amendment, and whether he was denied effective assistance because Lucas failed to litigate that claim. Several of the documents that were attached to the motion as support for Marrero's new claims had not been introduced previously in the proceedings. These included:

- Department of Corrections (DOC) records describing Marrero's flat affect, difficulty remembering things, and difficulty concentrating several weeks after he had been convicted and sentenced;

- Affidavits from mental health professionals, dated July 1999, describing Marrero's mental health issues and opining that Marrero was not competent to stand trial;

- An affidavit from attorney Lucas, dated July 30, 1999, stating that after reviewing testimony from a mental health professional, he now believes that he should have sought a competency hearing;

- Marrero's records from the Erie County jail, dated several months before his trial, describing two instances of suicidal ideation and one instance of causing himself physical harm.

4

Under the Pennsylvania Rules of Appellate Procedure, however, no briefs, memoranda, or letters relating to a case may be submitted to the Pennsylvania Supreme Court "[a]fter . . . the case has been submitted . . . except upon application or when expressly allowed at bar at the time of the argument." Pa. R. App. P. 2501. Pursuant to this rule, the Capital Habeas Corpus Unit submitted an application to submit a post-submission communication along with the motion for remand.

On February 22, 2000, the Pennsylvania Supreme Court held that Marrero had not been denied effective assistance of counsel and affirmed the denial of PCRA relief. *See Commonwealth v. Marrero*, 748 A.2d 202, 204 (Pa. 2000). The court did not address the claims raised in the motion for remand. Instead, it issued an order denying the application to file post-submission material on April 10, 2000. *Commonwealth v. Marrero*, 749 A.2d 909 (Pa. 2000).

On November 7, 2000, Marrero filed a petition for writ of habeas corpus with the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 2254. The following four claims included in the petition are relevant to this appeal:

- **Claim B:** Marrero was denied his Sixth and Fourteenth Amendment rights because he was tried while he was incompetent, his trial counsel was ineffective with respect to investigating and raising an issue of his incompetence, and the trial court should have conducted a competency hearing prior to his trial.

5

- **Claim D:** Marrero's first degree murder conviction was obtained in violation of his Sixth Amendment right to effective counsel because his trial attorney failed to investigate, develop, and present a diminished capacity defense at the guilt phase of his trial.

- **Claim E:** Marrero's confessions were admitted at trial in violation of his rights secured by the Fifth, Sixth, and Fourteenth Amendments, because his mental impairments and illiteracy rendered him unable to make a knowing and intelligent waiver of his Miranda rights and any such purported waiver of these rights was involuntary; and, trial counsel was ineffective for failing to litigate this claim.

- **Claim H:** Marrero's confession was obtained in violation of the Fourth Amendment as it was the product of his warrantless arrest; and, trial counsel was ineffective for failing to litigate this claim.

The District Court determined that Claims D, E, and H were procedurally defaulted because they had only been asserted in Marrero's motion for remand, which was never accepted by the Pennsylvania Supreme Court. *Marrero*, 2008 WL 3833382, at *13–*14. Claim B, on the other hand, was dismissed on the merits. *Id*. at *14–*22. The District Court entered a final judgment on all of Marrero's claims on January 23, 2009, and issued a certificate of appealability as to Claims B, D, E, and H on April 27, 2009.

II

The District Court had jurisdiction to consider Marrero's habeas petition pursuant to 28 U.S.C. § 2254. We have jurisdiction to review the District Court's judgment pursuant to 28 U.S.C. §§ 1291 and 2253.

We exercise de novo review over a District Court's denial of habeas relief. *Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007). In reviewing a claim that the state

6

court has decided on the merits, we may not grant the application for a writ of habeas corpus unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). When a claim is not adjudicated on the merits, we review pure legal questions and mixed questions of law and fact de novo. *Simmons v. Beard*, 590 F.3d 223, 231 (3d Cir. 2009). In reviewing factual determinations made by the state court, we presume that those determinations are correct, and it is the petitioner's burden to rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

III

After careful review of the record on appeal, there is little we can add to improve upon Judge Ambrose's careful analysis of Marrero's claims. Accordingly, we will summarize why the District Court did not err.

A

The District Court correctly held that Marrero did not exhaust Claims D, E, and H, and that those claims were procedurally defaulted. Courts may not grant an application for a writ of habeas corpus unless it appears that "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust the

7

available state court remedies, a petitioner must fairly present his habeas claims to the state courts, giving the courts "one full opportunity" to rule on those claims before presenting them to the federal courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). Raising Claims D, E, and H for the first time in a submission that the Pennsylvania Supreme Court was not required to consider does not constitute "fair presentation" of those claims.[1] *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (claims presented only for allocatur review, which is granted not as a matter of right but as a matter of discretion, were not exhausted).

Exhaustion is not required when the state courts would not consider the petitioner's claims because they are procedurally barred. *Slutzker v. Johnson*, 393 F.3d 373, 380 (3d Cir. 2004). As Marrero acknowledges, it would be futile to seek relief on Claims D, E, and H in state court because he has defaulted on those claims under Pennsylvania law. *See id.*; *Whitney v. Horn*, 280 F.3d 240, 250–53 (3d Cir. 2002) (holding that the failure to raise claims in a timely PCRA petition results in procedural default). When a petitioner has defaulted on his claims under state law, we may only reach the merits of those claims "if the petitioner makes the standard showing of 'cause and prejudice' or establishes a fundamental miscarriage of justice." *Slutzker*, 393 F.3d at

---

[1] Marrero repeatedly, and incorrectly, asserts that the Pennsylvania Supreme Court denied his motion for remand, and that its denial was a decision on the merits of the claims included in that motion. The Supreme Court did not deny his motion for remand; it denied the application to file the motion for remand, and did not address the claims asserted therein. *See Marrero*, 749 A.2d at 909–10.

381 (quoting *Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000)). Marrero does not argue that cause and prejudice exist for his procedural defaults. Nor would Marrero's claims fall within the fundamental miscarriage of justice exception to the procedural default rule, as Marrero is not asserting that he is actually innocent of the crimes of which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995); *Hull v. Freeman*, 991 F.2d 86, 91 n.3 (3d Cir. 1993). The District Court thus correctly dismissed Claims D, E, and H with prejudice.

B

The parties concede that Marrero exhausted the issues raised in Claim B, so we address their merits. Marrero claims he was not competent to stand trial because he did not have "sufficient . . . ability [at the time of trial] to consult with his lawyer with a reasonable degree of rational understanding," nor did he possess "a rational as well as a factual understanding of the proceedings against him." *See Dusky v. United States*, 362 U.S. 402, 402 (1960); *see also Drope v. Missouri*, 420 U.S. 162, 171 (1975). Marrero argues: (1) that he was denied substantive due process because he was tried while incompetent; (2) that he was denied procedural due process because Judge Connelly did not conduct a competency hearing *sua sponte*; and (3) that he was denied the right to effective assistance of counsel because Lucas did not fully investigate Marrero's competence or request a competency hearing. Marrero has not made a sufficient showing to establish any of these claims.

9

Because Judge Connelly rejected Marrero's substantive and procedural due process claims on the merits, we may not grant a writ of habeas corpus unless we find that his decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Williams*, 529 U.S. at 405–06. Due process does not require that each defendant be given a competency hearing; the trial court is only required to investigate a defendant's competency *sua sponte* when there is sufficient reason to doubt the defendant's competence. *See Godinez v. Moran*, 509 U.S. 389, 401 n.13 (1993). Factors that may be relevant in determining whether a competency hearing was required include: "a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Taylor v. Horn*, 504 F.3d 416, 433 (3d Cir. 2007) (quoting *Drope*, 420 U.S. at 180). "There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Id*.

As the District Court correctly explained, Judge Connelly presided over Marrero's pre-trial and trial proceedings, and was uniquely situated to assess Marrero's understanding of the proceedings and his ability to cooperate in his own defense.

Whether Judge Connelly's decision was unreasonable must be assessed in light of the record he had before him. *See Holland v. Jackson*, 542 U.S. 649, 652 (2004) (per curiam). In that light, Judge Connelly's determination that Marrero appeared capable of understanding the proceedings and was able to "cooperate with counsel when he chose to" was not "contrary to" or "an unreasonable application of" Supreme Court precedent, nor was it "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

Moreover, we agree with the District Court's determination that Marrero did not present clear and convincing evidence that he was incompetent to stand trial. *See Taylor*, 504 F.3d at 435 (explaining that federal courts must presume that the state court's finding of competence was correct, unless the petitioner "can rebut the presumption of correctness by clear and convincing evidence" (internal quotation marks omitted)). Marrero relies on three types of documents to establish his incompetence: (1) the Erie County jail records documenting Marrero's behavior months before the trial; (2) the DOC Records documenting his behavior several weeks after his conviction; and (3) the affidavits from mental health experts assessing Marrero's competence. But these documents first appeared as attachments to Marrero's motion to remand. The District Court correctly refused to consider these documents because Marrero could have—but

did not—properly present the evidence during the state court proceedings.[2] *Marrero*,

2008 WL 3833382, at *17 (citing 28 U.S.C. § 2254(e)(2) and *Williams*, 529 U.S. at 437).

Even if these documents were properly considered, they would not constitute

"clear and convincing evidence" that Marrero was incompetent, for the reasons stated by

the District Court. *Marrero*, 2008 WL 3833382, at *19. Although both the records and

the affidavits suggest that Marrero has mental health issues, they do not conclusively

establish that Marrero was unable to understand the proceedings and consult with his

lawyer. Additionally, none of the documents describe Marrero's behavior at the time of

trial. The relevant Erie County jail records describe Marrero's behavior months before

his trial, the DOC records describe his behavior several weeks after he was sentenced to

death, and the mental health evaluations appear to have been performed four years after

trial. *See id.*

2

Nor are we persuaded that Marrero was denied effective assistance because Lucas

failed to fully investigate his competence and request a competency hearing. To establish

ineffective assistance, Marrero was required to show that Lucas's "representation fell

---

[2] Marrero requested an evidentiary hearing in the District Court so he could present those documents, but the District Court denied that request. *Marrero*, 2008 WL 3833382, at *17. Under 28 U.S.C. § 2254(e)(2), courts may not hold evidentiary hearings to develop evidence that petitioners failed to develop in the state court proceedings unless certain exceptions apply. Marrero did not argue during the District Court proceedings that either of the exceptions in 28 U.S.C. § 2254(e)(2) applied in his case, *Marrero*, 2008 WL 3833382, at *17, nor does he raise that argument now.

below an objective standard of reasonableness," and that Marrero was prejudiced by Lucas's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1994). A failure to request a competency hearing may violate the right to effective assistance of counsel if: (1) "there are sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency" (*i.e.*, "cause"); and (2) "there is a reasonable probability that the defendant would have been found incompetent to stand trial had the issue been raised and fully considered" (*i.e.*, "prejudice"). *Taylor*, 504 F.3d at 438 (quoting *Jermyn v. Horn*, 266 F.3d 257, 283 (3d Cir. 2011)).

Marrero relied on two documents to show cause and prejudice: Lucas's affidavit, dated July 30, 1999, in which he stated that he should have insisted on a competency hearing, and records from the Erie County jail from several months before Marrero's trial, which Lucas had not obtained, describing behavior suggesting suicidal ideation. Once again, these documents were first attached in support of Marrero's motion to remand.

The District Court correctly concluded that because Lucas's affidavit and the Erie County jail records were not properly presented to the state courts, they could not be considered. *Marrero*, 2008 WL 3833382, at *21. Had they been properly presented, they would not have established a reasonable probability that Marrero would have been found incompetent to stand trial. Judge Connelly found Marrero to be competent based on his observations throughout the trial, and the two instances of suicidal ideation months

13

before trial do not establish otherwise. *See Taylor*, 504 F.3d at 434–35 (finding evidence

that petitioner had been suicidal months before his trial proceeding did not indicate that

he was incompetent at trial); *Jermyn*, 266 F.3d at 293 (previous suicide attempt did not

indicate incompetence at trial).[3] Moreover, Lucas's affidavit is not dispositive on the

issue of whether Marrero would have been found competent to stand trial, nor on the

issue of whether he was objectively unreasonable in failing to request a hearing. *See*

*Chandler v. United States*, 218 F.3d 1305, 1315 & n.16 (11th Cir. 2000) (ineffective

assistance inquiry is objective, and so "that trial counsel (at a post-conviction evidentiary

hearing) admits that his performance was deficient matters little"); *see also Marrero*,

2008 WL 3833382, at \*22 (noting that Lucas's admission "has the earmarks of one

---

[3] Marrero argues that Lucas was ineffective as a result of his failure to obtain the Erie County jail records because they may have contained potentially mitigating information, such as a positive adjustment to pre-trial incarceration. Because the Erie County jail records, even if obtained, would not have been sufficient to support a finding that Marrero was incompetent, it is unnecessary to address whether Lucas's failure to obtain these records fell below an objective standard of reasonableness. We note, however, that the cases that Marrero relies on involve failures to obtain records of obvious import, or failures to investigate generally. *See Rompilla v. Beard*, 545 U.S. 374, 383–86 (2005) (counsel had a duty to examine a prior conviction file when it was on notice that the Commonwealth intended to rely on that prior conviction to seek the death penalty); *Wiggins v. Smith*, 539 U.S. 510, 523–24 (2003) (counsel conducted almost no investigation into petitioner's background, despite one-page presentence report indicating potentially mitigating factors in defendant's background); *Terry Williams v. Taylor*, 529 U.S. 362, 396 (2000) (defense counsel did not begin to prepare for sentencing phase of trial until a week beforehand, and failed to conduct an investigation); *Michael Williams v. Taylor*, 529 U.S. 420, 439 (2000) (counsel had notice of a potentially mitigating psychiatric report but failed to make serious efforts to obtain it).

14

attempting to fall on his sword to assist a former client").  Marrero's ineffective

assistance claim was thus properly denied.

III

For the foregoing reasons, we will affirm the order of the District Court denying

the writ of habeas corpus.