J-S68023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH CLAIR WHITAKER | : | |
| | : | |
| Appellant | : | No. 313 WDA 2018 |

Appeal from the PCRA Order August 18, 2017
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000651-1999

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                          **FILED APRIL 26, 2019**

Appellant, Joseph Whitaker, appeals from the Order denying his Petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA").  After careful review, we conclude that Appellant waived the specific layered ineffectiveness claim he raises here.  Accordingly, we affirm.

On March 2, 2000, a jury convicted Appellant of three counts of Rape, and one count each of involuntary deviate sexual intercourse and aggravated assault in connection with an attack on his then-girlfriend.[1]  The court imposed an aggregate sentence of 21 to 60 years' incarceration.  Appellant filed a Notice of Appeal.

_____

[1] At Appellant's jury trial, the victim, two sexual assault experts, the doctor and nurse on duty the night of the incident and two police officers testified for the Commonwealth.  Appellant's foster mother testified on Appellant's behalf.

_____

*   Former Justice specially assigned to the Superior Court.

Following the filing of the Notice of Appeal, and notwithstanding its lack of jurisdiction, the trial court held a hearing on a defense Motion to establish a record with regard to allegations of ineffective assistance of counsel. ***See*** N.T. – Evidentiary hearing, 11/22/2000. Trial counsel testified at that hearing regarding his trial strategy. ***See id***. at 41-44. No one asked trial counsel about his use of dismissive and disrespectful language during the trial.[2]

Following a procedural odyssey, which is not relevant to the issue raised in this appeal,[3] the trial court reinstated Appellant's appellate rights *nunc pro tunc* and appointed counsel. Appellant filed a timely appeal.[4] This Court

_____

[2] Trial counsel passed away January 11, 2008.

[3] This Court originally affirmed Appellant's Judgment of Sentence on May 22, 2002, after which Appellant filed a PCRA petition. The PCRA court dismissed the Petition, but Appellant's appointed counsel failed to inform Appellant timely of the dismissal. Appellant *pro se* sought the reinstatement of his appeal rights *nunc pro tunc*, which the PCRA court denied. This Court affirmed. Appellant subsequently filed a writ of *habeas corpus* in the Federal District Court, which that court granted. Based on the Order from the U.S. District Court, the Clearfield County Court of Common Pleas reinstated Appellant's direct appeal rights *nunc pro tunc* and appointed Damion J. Beaver, Esq. to represent Appellant. This Court again affirmed the Judgment of Sentence.

[4] On direct appeal, Appellant raised three issues, including allegations that trial counsel provided ineffective assistance during the pretrial stage. ***See Commonwealth v. Whitaker***, 893 WDA 2009 (Pa. Super. filed Sept. 3, 2010). This Court addressed that claim on direct appeal, relying on ***Commonwealth v. Montalvo***, 986 A.2d 84, 91 n.5 (Pa. 2009), because the record had been developed prior to the Pennsylvania Supreme Court's ruling in ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002). ***See Whitaker***, ***supra*** at 15 n.8.

affirmed his Judgment of Sentence. ***Commonwealth v. Whitaker***, 893 WDA 2009 (Pa. Super. filed Sept. 3, 2010).

On September 1, 2011, Appellant filed a *pro se* PCRA Petition seeking collateral relief. The court sent a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. On November 15, 2011, the PCRA court dismissed the Petition as an untimely second PCRA Petition. Appellant timely appealed.

This Court concluded that the PCRA court erred in failing to recognize that Appellant's PCRA Petition should have been considered a first-filed PCRA Petition since Appellant's appeal rights had been reinstated *nunc pro tunc*. ***See*** Order, Commonwealth v. Whitaker, No. 1682 WDA 2011 at 2 n.1 (Pa. Super. filed 8/23/12) (citing ***Commonwealth v. O'Bidos***, 849 A.2d 243, 252 n.3 (Pa. Super. 2004)). We remanded to the PCRA court for the appointment of counsel and consideration of the merits.

On September 28, 2012, the PCRA court appointed J.D. Ryan, Esq., to represent Appellant.[5] On December 1, 2014, Appellant filed *pro se* a "Request for Permission to File an Amendment to the PCRA Petition," asserting that he had "only received two letters from counsel since November of 2012." ***See*** Request, 12/1/14, at 4. On August 5, 2015, Attorney Ryan filed an "Endorsement of Prior *Pro Se* Filing and Praecipe to Schedule Hearing" indicating that "prior counsel informed undersigned counsel that prior counsel

---

[5] Unbeknownst to the court or counsel, Appellant's brother simultaneously hired private counsel, Damion J. Bevacqua, Esq., to represent Appellant.

- 3 -

was privately retained and undersigned counsel's services were not needed."

***See*** Endorsement, filed 8/5/15.  Attorney Ryan also stated that prior counsel failed to take any action.

The court held a hearing on the Motion to Amend the PCRA Petition on May 10, 2016, following which it entered an Order "reappoint[ing]" Attorney Ryan as PCRA counsel and granting Appellant 120 days to file an Amended PCRA Petition.  Appellant filed an Amended PCRA Petition on September 7, 2016, raising eight claims asserting that both trial counsel and appellate counsel provided ineffective assistance.  ***See*** Amended PCRA Petition, filed 9/7/16, at ¶10.[6]

---

[6] In support of his ineffectiveness claims, Appellant asserted the following in his Amended PCRA Petition:

a.  At Trial, counsel failed to object to victim's testimony of prior bad acts, which were not related to criminal charges.
b.  At Trial, counsel failed to object to inflammatory comments made by the victim.
c.  At Trial, counsel acted in such a manner that the jurors could have held counsel's conduct against the Defendant at the time a verdict was reached.
d.  At Trial, counsel failed to challenge the [C]ommonwealth's Motion to Amend Information.
e.  Appellate Counsel failed to challenged[] the Amended Information.
f.  Appellate Counsel failed to challenge the weight and sufficiency of the evidence presented at Trial.
g.  Appellate counsel failed to challenge discretionary aspects of Defendant's sentence on appeal.
h.  Appellate counsel failed to challenge the lower court's decision in pretrial motions.

Amended Petition at ¶ 10.

On February 3, 2017, the Hon. David E. Grine, Esq., held a hearing on the Amended Petition at which Appellant's direct appeal counsel testified. At Appellant's request, the court took judicial notice of the transcript of the evidentiary hearing that occurred on November 22, 2000, regarding trial counsel's assistance. At the close of the PCRA hearing, the court directed the parties to file suggested findings of fact and conclusions of law.

On August 18, 2017, the court denied relief, finding that although there was "ample evidence demonstrating that trial counsel may have been ineffective in multiple ways," "appellate counsel had a reasonable basis for pursuing what he believed to be the stronger argument for an ineffective counsel claim on appeal," *i.e.*, the lack of pretrial representation. **See** Opinion and Order, filed 8/18/17, at 3.[7]

Appellant timely appealed. He filed a Pa.R.A.P. 1925(b) Statement;[8] the trial court relied on its Opinion filed August 18, 2017 in lieu of a Rule 1925(a) Opinion.

---

[7] The PCRA Court did not address the four issues in which Appellant challenged trial counsel's effective assistance. Appellant did not raise those claims in this appeal.

[8] In his Rule 1925(b) Statement, Appellant raised the following two issues:

> 1. The lower court erred in denying the PCRA Petition where Defendant showed appellate counsel failed to raise substantial and meritorious issues on appeal, related to trial counsel's failure to adequately represent Defendant at trial.

Appellant raises only one issue for our review:

Whether the lower court erred in denying Appellant's PCRA Petition where there was sufficient evidence introduced of ineffective assistance of counsel, whereby appellate counsel failed to pursue issues of trial counsel's offensive presentation at trial[?]

Appellant's Brief at 4.

Appellant contends that trial counsel "sabotage[d]" his case because counsel's offensive "language and attitude" expressed in his opening statement, throughout trial, and in closing statement was "reprehensible and denied Appellant [ ] a fair trial." *Id*. at 11. He avers that appellate counsel was ineffective for failing to raise issues on appeal implicating this aspect of trial counsel's behavior. *Id*.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

---

2. The lower court erred in denying the PCRA Petition where Defendant showed appellate counsel failed to raise substantial and meritorious issues on appeal, related to trial counsel's reprehensible statements during trial and closing arguments.

Appellant's Rule 1925(b) Statement, filed 3/29/18.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. *Id*. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003) (citations omitted). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

With respect to layered ineffectiveness claims, the Pennsylvania Supreme Court has provided the following guidance:

> [I]n order for a petitioner to properly raise and prevail on a layered ineffectiveness claim, sufficient to warrant relief if meritorious, he must **plead, present,** and **prove** the ineffectiveness of Counsel 2 (appellate counsel), which as we have seen, necessarily reaches back to the actions of Counsel 1 (trial counsel). To preserve (plead and present) a claim that Counsel 2 was ineffective in our hypothetical situation, the petitioner must: (1) **plead,** in his PCRA petition, that Counsel 2 was ineffective for failing to allege that Counsel 1 was ineffective for not [taking the suggested actions], *see Commonwealth v. Marrero,* 748 A.2d 202, 203, n. 1 (2000); and (2) **present** argument on, *i.e.,* develop, each prong of the *Pierce* test as to Counsel 2's representation, in his briefs or other court memoranda. Then, and only then, has the petitioner preserved a layered claim of ineffectiveness for the court to review[.]

*Commonwealth v. McGill*, 832 A.2d 1014, 1022 (Pa. 2003) (emphasis in original).

"Where, however, the petitioner fails to plead, present and prove all three prongs of the [] test regarding the underlying issue of trial counsel's ineffectiveness, … [a] petitioner is unable to establish the requisite arguable merit prong of his layered claim of appellate counsel's ineffectiveness*." Commonwealth v. Reyes*, 870 A.2d 888, 897 (Pa. 2005) (citation omitted).

Here, Appellant raised four claims against appellate counsel in his Amended PCRA Petition challenging appellate counsel's stewardship, *i.e.*, counsel's failure to challenge the Amended Information, failure to challenge the weight and sufficiency of the evidence, failure to challenge the discretionary aspects of defendant's sentence, and failure to challenge the lower court's decision on Appellant's pre-trial motions. Appellant did not present a claim that appellate counsel was ineffective for failing to raise an issue that implicates trial counsel's use of offensive language during trial.[9] Rather, he now raises it for the first time before this Court as a layered ineffectiveness claim.[10]

_____

[9] Appellant challenged trial counsel's use of offensive language in his Amended PCRA Petition as a basis to find trial counsel ineffective, but Appellant did not include that trial counsel ineffectiveness claim in his Rule 1925(b) Statement as a basis for this appeal.

[10] We note that this case presents a unique situation in that Appellant *did* raise a claim of ineffective assistance of trial counsel on direct appeal that this Court

Because Appellant did not raise this claim before the PCRA court, he failed to preserve it for our review. *See McGill*, *supra* at 1022 (observing that "[t]o preserve (plead and present) a claim that Counsel 2 was ineffective in our hypothetical situation, the petitioner must: (1) **plead,** in his PCRA petition, that Counsel 2 was ineffective for failing to allege that Counsel 1 was ineffective for not [taking the suggested actions]"). Accordingly, this claim is waived. *See* Pa.R.A.P. 302 (a) (providing issues not raised in the lower court are waived and cannot be raised for the first time on appeal).[11]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2019

_____

addressed. *See Whitaker*, No. 893 WDA 2009, at 8, discussed *supra* at footnote 4. Accordingly, Appellant should have challenged appellate counsel's failure to raise the specific claim he raises here in his Amended PCRA Petition. This he did not do.

[11] We are mindful that generally ineffective assistance of trial counsel claims can only be raised on collateral review. **See** 42. Pa.C.S. § 9543(a)(2)(ii); *Grant*, *supra* at 738. Thus, outside the unique situation presented in this case, a claim that appellate counsel was ineffective for failing to challenge trial counsel's stewardship on direct appeal would have no merit because the time for raising such a claim is in a PCRA Petition, not on direct appeal.