J-S66026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD GRAYSON GILMORE, | : | |
| | : | |
| Appellant | : | No. 288 WDA 2017 |
| | : | |

Appeal from the PCRA Order July 16, 2015
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000555-2005

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT*, J.

MEMORANDUM BY DUBOW, J.: **FILED FEBRUARY 8, 2018**

Appellant Ronald Grayson Gilmore appeals from the Order entered by the Lawrence County Court of Common Pleas denying his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. He contends, *inter alia*, that trial and appellate counsel provided ineffective assistance for failing to raise issues regarding jury instructions and the verdict slip. After careful review, we affirm the denial of Appellant's PCRA Petition.

This Court previously set forth the facts underlying Appellant's conviction in our disposition of his direct appeal and we, thus, will not repeat them in detail here. On May 8, 2007, a jury found Appellant guilty of Conspiracy to Commit Murder and not guilty of First- and Third-Degree Murder and Persons Not to Possess a Firearm, in connection with the 2005

_____

* Retired Senior Judge assigned to the Superior Court.

death of Carmen Oliva who was shot three times in the head after Appellant and others suspected that he was a police informant.[1] The court sentenced Appellant to 17½ to 35 years' incarceration. This Court affirmed the Judgment of Sentence, and our Supreme Court denied *allocatur* on March 23, 2010. **See Commonwealth v. Gilmore**, 1630 MDA 2008, 984 A.2d 1012 (Pa. Super. filed Aug. 17, 2009), *appeal denied*, 991 A.2d 310 (Pa. 2010).

Appellant filed a *pro se* PCRA Petition on March 24, 2011, which subsequently-appointed counsel amended twice.[2] After many continuances, the court held an evidentiary hearing on April 2, 2014, with Appellant represented by his third PCRA attorney. Appellant testified as to the issues he had wanted to raise in his PCRA Petition. After several more continuances, a second day of the hearing occurred on January 9, 2015, at which Appellant's trial counsel testified. After receiving many extensions, Appellant filed a legal memorandum in which he asserted, *inter alia*, that the

---

[1] The Commonwealth had charged Appellant with Criminal Homicide in violation of 18 Pa.C.S. § 2501(a), Criminal Conspiracy with the Intent to Commit Criminal Homicide, 18 Pa.C.S. § 2501(a), 18 Pa.C.S. § 903(a); and, Persons Not to Possess a Firearm, 18 Pa.C.S. § 6105(a)(1).

[2] The court appointed one PCRA attorney on May 2011. The court granted that attorney's Motion to Withdraw in August 2011. The court appointed a second PCRA attorney, who failed to appear at a scheduled hearing in March 2012. On May 2, 2012, a third attorney entered her appearance on behalf of Appellant.

verdict violated ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). By Order and Opinion dated July 16, 2015, the PCRA court denied relief.

Appellant filed a timely *pro se* Notice of Appeal and counsel thereafter filed an amended Notice of Appeal. The PCRA court appointed new counsel to represent Appellant on appeal. Appellant submitted a counseled Pa.R.A.P. 1925(b) Statement. The PCRA court did not file a 1925(a) Opinion.

Appellant presents the following Statement of the Questions Involved in his Brief:

1. Whether the lower court erred when it denied [Appellant's] claim that the jury verdict of Conspiracy to Commit Murder was in error, in violation of his Fifth, Fourteenth and Sixth Amendment Rights of the U.S[.]

2. Whether the lower court erred when it denied [Appellant's] claim that the assistance of trial counsel was ineffective for failing to raise objections to the verdict slip.

3. Whether the assistance of appellate counsel was ineffective for failing to argue additional claims of the ineffective assistance of trial counsel for failure to object to the jury instructions.

Appellant's Brief at 4.

**STANDARD AND SCOPE OF REVIEW**

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. ***Commonwealth v. Boyd***, 923 A.2d 513, 515

(Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

We will address Appellant's three issues together. In his first issue, Appellant argues the trial court erred in its jury instructions and verdict sheet. Recognizing that he waived these issues because he failed to object at trial, Appellant contends in his second and third issues that trial counsel provided ineffective assistance of counsel by failing to object to the verdict form and jury instructions. He further asserts that "appellate counsel failed to argue that trial counsel was ineffective for failing to instruct on Criminal Homicide, including instructions for Involuntary Manslaughter," and states, "there was no strategic decision given for the failure … to raise the issue in a post[-] conviction petition." Appellant's Brief at 35. Appellant, thus, challenges the effective assistance of trial, appellate, and PCRA counsel based on the underlying claim raised in his first issue.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. *Id*. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some

reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

With respect to layered ineffectiveness claims, the Pennsylvania Supreme Court has provided the following guidance:

> [I]n order for a petitioner to properly raise and prevail on a layered ineffectiveness claim, sufficient to warrant relief if meritorious, he must **plead, present,** and **prove** the ineffectiveness of Counsel 2 (appellate counsel), which as we have seen, necessarily reaches back to the actions of Counsel 1 (trial counsel). To preserve (plead and present) a claim that Counsel 2 was ineffective in our hypothetical situation, the petitioner must: (1) **plead,** in his PCRA petition, that Counsel 2 was ineffective for failing to allege that Counsel 1 was ineffective for not [taking the suggested actions], ***see Commonwealth v. Marrero***, [ ] 748 A.2d 202, 203, n. 1 (2000); and (2) **present** argument on, *i.e.*, develop, each prong of the ***Pierce*** test as to Counsel 2's representation, in his briefs or other court memoranda.

***Commonwealth v. McGill***, 832 A.2d 1014, 1022 (Pa. 2003) (emphasis in original).

"Where, however, the petitioner fails to plead, present[,] and prove all three prongs of the ***Pierce*** test regarding the underlying issue of trial counsel's ineffectiveness, … [a] petitioner is unable to establish the requisite arguable merit prong of his layered claim of appellate counsel's

ineffectiveness*."* ***Commonwealth v. Reyes***, 870 A.2d 888, 897 (Pa. 2005) (citation omitted).

Additionally, it is well-settled that an appellant may not raise challenges to PCRA counsel's effectiveness for the first time on appeal. ***See Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (citing cases).

After reviewing the record, we conclude that Appellant's ineffectiveness claims warrant no relief as he has failed prove that the underlying issues have arguable merit.

### Verdict Slip/Jury Instructions

Appellant asserts that "the court erred when it sent a verdict slip to the jury with Criminal Conspiracy to Commit Murder," instead of Conspiracy to Commit Homicide. Appellant's Brief at 28. He also argues the jury should have been instructed on manslaughter and involuntary manslaughter as they are also crimes that fall within the definition of "homicide." He avers trial counsel was ineffective for failing to request such an instruction and for approving the verdict slip before it went to the jury. He also asserts that all subsequent counsel provided ineffective assistance by failing to raise the issue on appeal and to assert trial counsel's ineffectiveness.

The Commonwealth charged Appellant with Criminal Homicide in violation of 18 Pa.C.S. § 2501(a), Criminal Conspiracy with the Intent to

Commit Criminal Homicide, 18 Pa.C.S. § 2501(a), 18 Pa.C.S. § 903(a); and,

Persons Not to Possess a Firearm, 18 Pa.C.S. § 6105(a)(1).

18 Pa.C.S. § 2501 provides:

**(a) Offense defined.--**A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being.
**(b) Classification.--**Criminal homicide shall be classified as murder, voluntary manslaughter, or involuntary manslaughter.

In the Crimes Code, the legislature created "one major homicide offense, that of criminal homicide." **Commonwealth v. Polimeni**, 378 A.2d 1189, 1194 (Pa. 1977). "[T]he several types of homicide, namely, murder of any of the three named degrees and voluntary and involuntary manslaughter are constituent subsidiary offenses within the single major offense. All grades of unlawful killing thus have been made lesser included offenses of the overall crime of criminal homicide." **Id.** at 1194–95 (footnote omitted).

Both First- and Third-Degree Murder involve malice. Pursuant to 18 Pa.C.S. § 2501(a), a conviction of First-Degree Murder requires proof that there was an "intentional killing," *i.e.*, malice aforethought, which distinguishes it from any other type of homicide. **Commonwealth v. Weinstein**, 451 A.2d 1344, 1348 (Pa. 1982). Third-Degree Murder includes "[a]ll other kinds of murder," *i.e.*, killings that occur with an element of malice. **See Commonwealth v. Santos**, 876 A.2d 360, 363 (Pa. 2005) (noting that the requisite level of malice for third-degree murder is

"wickedness of disposition, hardness of heart, recklessness of consequences, [or] a mind regardless of social duty"). In order to be found guilty of voluntary manslaughter, the evidence must show that the defendant killed the victim as a result of "sudden and intense passion resulting from serious provocation." 18 Pa.C.S. § 2503. Involuntary manslaughter requires that the evidence show that the killing resulted from an "unlawful act" done in a "reckless or grossly negligent manner." 18 Pa.C.S. § 2504.

"Because the legislature has classified both murder and [] manslaughter as subdivisions of the major offense of criminal homicide, a defendant who has been charged with murder is entitled on request to have the jury instructed on the elements of [ ] manslaughter **at least where evidence is presented at his trial on which a verdict of that less serious offense could rationally be based.**" *Polimeni*, *supra* at 1196 (emphasis added).

Appellant avers that trial counsel was ineffective for failing to request a jury instruction on voluntary and involuntary manslaughter. He also avers that the verdict slip should have contained those offenses for the jury's consideration.

The verdict slip contained the following offenses for the jury to consider:

1. Murder in the First Degree;
2. Murder in the Third Degree;
3. Criminal Conspiracy to Commit Murder; and
4. Person not to Possess, Use a Firearm.

Verdict Slip, dated May 8, 2007.

Appellant argues that because the verdict slip did not say "criminal conspiracy to commit *homicide*," the jury was unable to consider the full range of possible homicide offenses, *i.e.*, manslaughter and involuntary manslaughter, in addition to First- and Third-Degree murder. **See** Appellant's Brief at 26–33.

The PCRA court aptly analyzed Appellant's claim regarding trial counsel's alleged ineffectiveness regarding failing to request the jury instructions and failing to object to the verdict slip regarding the notation "Conspiracy to Commit Murder." After reviewing in detail the facts presented at trial, as well as relevant statutory and case law, the court concluded:

> In the current case, the Court did not instruct the jury on the charges of voluntary or involuntary manslaughter as there was no evidence presented at trial to suggest those instructions were appropriate. The evidence presented at trial demonstrated [that Appellant] conspired with Kailin Stewart and Andrae Jackson to perpetrate the intentional killing of the victim in order to rectify the problem [that] he was an alleged "snitch". There is no evidence [that Appellant] killed the victim in a state of rage or through an unreasonable belief [that] justification to kill the victim existed as [Appellant] and the victim decided to return to the Biker Clubhouse to confront Ms. Natale concerning the rumor the victim was working as a confidential informant for the police. The record lacks any reference to [Appellant] being enraged by the victim at any time while they were in each other's presence[,] nor is there any indication [that] justification for the victim's murder existed. Furthermore, there was no evidence presented at trial [that Appellant] killed the victim through his recklessness or gross negligence. The allegations and facts on record demonstrate the victim's death was caused by three

gunshot wounds intentionally inflicted upon the victim. Thus, the Court was not required to instruct the jury concerning voluntary and involuntary manslaughter. Since there was no basis to instruct the jury on manslaughter, the Court utilized the term Conspiracy to Commit Murder on its verdict slip as to avoid confusing the jury and murder was the only degree of homicide charged.

Trial Court Opinion, dated 7/16/15, at 11-12.

Appellant attempts to rely on *Apprendi*, *supra*, and *Commonwealth v. Weimer*, 977 A.2d 1103 (Pa. 2009),[3] to argue that it was up to the jury to determine whether conviction for manslaughter was an appropriate disposition. *Apprendi* provides that, other than the fact of prior convictions, "any fact that *increases* the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490 (emphasis added).

Here, Appellant conversely argues that the jury should have had the opportunity to consider Manslaughter because such a finding would have *decreased* the penalty imposed. Appellant's argument misses the point of *Apprendi's* constitutional analysis. Furthermore, no court has stretched and contorted the holding of *Apprendi* as Appellant does to support a complaint about jury instructions and a verdict slip pertaining to lesser-

---

[3] The *Weimer* Court addressed the elements required to establish Criminal Conspiracy before concluding that the appellant's convictions of Third-Degree Murder and Conspiracy to Commit Criminal Homicide were proper. 977 A.2d at 1105.

included offenses. As the facts of this case do not lend themselves to such a consideration, we decline to conduct such an analysis here.

Moreover, and most significantly, Appellant's argument ignores the basic underlying premise that there must be evidence presented at trial upon which a manslaughter verdict could "rationally be based." ***Polimeni***, ***supra*** at 1196. ***See***, ***e.g., Commonwealth v. Carter***, 466 A.2d 1328, 1329 (Pa. 1983) (concluding the trial court properly refused to charge the jury on voluntary manslaughter "unreasonable belief" as there was no evidence to support a verdict on that charge); ***Commonwealth v. Keaton***, 431 A.2d 999, 1000-01 (Pa. 1981) (finding trial court properly refused to instruct jury on involuntary manslaughter where there was no evidence to support the charge). Our review of the record, including the transcripts from Appellant's trial, supports the PCRA court's conclusion there was no evidence presented at trial to support a Manslaughter verdict. Accordingly, the jury instruction that Appellant now avers should have been requested would have been unwarranted and inappropriate. Consequently, the omission of Manslaughter from the verdict slip was proper.

Because the issues underlying Appellant's ineffective assistance of counsel claims have no merit, Appellant is not entitled to relief. Accordingly, the PCRA court did not abuse its discretion in denying Appellant's PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2018