J-S31036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY WILLIS | : | |
| | : | |
| Appellant | : | No. 2434 EDA 2017 |

Appeal from the PCRA Order dated July 24, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1303701-2006

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                      **FILED SEPTEMBER 27, 2018**

Appellant, Henry Willis, appeals from the Order denying his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

After a jury convicted Appellant of Possessing a Controlled Substance with Intent to Deliver and Criminal Use of a Communication Facility,[1] the trial court sentenced Appellant in 2008 to seven and one-half to fifteen years of incarceration.  In a published opinion, this Court denied Appellant's direct appeal, and the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on August 12, 2010.  ***Commonwealth v. Willis***, 990 A.2d 773 (Pa. Super. 2010), ***appeal denied***, 4 A.3d 1054 (Pa. 2010).  His

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 7512(a), respectively.

Judgment of Sentence, thus, became final on November 10, 2010 when his time for seeking relief from the United States Supreme Court expired.[2]

On October 4, 2010, Appellant filed his first PCRA Petition *pro se* raising eight ineffective assistance of counsel claims. PCRA Petition, 10/4/10, at 3-9. The court appointed David S. Rudenstein, Esq., who addressed each of Appellant's issues in detail in a *Finley*/"no merit" letter, and requested leave to withdraw on March 14, 2011. *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On April 12, 2012, Appellant filed *pro se* objections to counsel's *Finley* letter but did not raise any additional claims at that time.[3] The trial court granted counsel's request on April 8, 2011. On June 17, 2011, the trial court dismissed Appellant's PCRA Petition. This Court affirmed on appeal. *Commonwealth v. Willis*, 55 A.3d 131 (Pa. Super. 2012). Appellant did not file an appeal.

On August 27, 2012, Appellant filed a second *pro se* PCRA Petition. The court appointed present counsel on March 4, 2015, and counsel filed an Amended PCRA Petition on July 27, 2015. On May 17, 2017, the

---

[2] *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking the review); U.S.Sup.Ct.R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); *Commonwealth v. Miller*, 102 A.3d 988, 993 (Pa. Super. 2014).

[3] The issues underlying the ineffectiveness of counsel's assistance claim in his first PCRA Petition included challenges to delays in trial and his sentence. *See* PCRA Petition, 10/4/10, at 8-9.

Commonwealth filed a Motion to Dismiss Appellant's Amended PCRA Petition as untimely. Appellant filed a Second Amended PCRA Petition on June 6, 2017, in which he raised, *inter alia*, counsel ineffectiveness claims regarding the delay of trial and Appellant's sentence. Second Amended PCRA Petition, 6/6/17, at 2-3 (unpaginated). The court issued a Pa.R.Crim.P. 907 Notice and on July 24, 2017, dismissed the Petition. This appeal followed.

Appellant raises the following issue on appeal:

Did the [l]ower [c]ourt err in dismissing the PCRA petition as untimely where the issue of prior PCRA counsel's ineffectiveness was raised within 60 days of the Superior Court's decision affirming a prior PCRA petition?

Appellant's Brief at 7.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. No court has jurisdiction to hear an untimely PCRA Petition. **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

As noted above, Appellant's Judgment of Sentence became final on November 10, 2010. Thus, Appellant's deadline to file a PCRA Petition was November 10, 2011. 42 Pa.C.S. § 9545(b)(1). Appellant's second PCRA Petition, filed August 27, 2012, is, thus, facially untimely.

Here, Appellant asserts that his second PCRA Petition should be reviewed because it falls within the PCRA's timeliness exception for newly discovered facts, 42 Pa.C.S. § 9545(b)(1)(ii). Appellant's Brief at 11-12. Specifically, Appellant argues that trial counsel was ineffective because he failed to raise the delay of trial and challenge Appellant's sentence, and that the first opportunity he had to raise these arguments was only after this Court denied his first PCRA Petition. *Id*. Accordingly, Appellant contends that the second PCRA Petition is timely under 42 Pa.C.S. § 9545(b)(1)(ii) and 42 Pa.C.S. § 9545(b)(2) because it was filed within sixty days of discovering that these issues had not been raised by counsel when the Superior Court affirmed the dismissal of his first PCRA Petition on July 11, 2012. We disagree.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The

- 4 -

burden of demonstrating ineffectiveness rests on Appellant. *Id*. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

In the instant appeal, Appellant raises what he purports to be a layered ineffectiveness claim. Appellant's Brief at 12. Specifically, he asserts that both trial counsel and his first PCRA counsel were ineffective for not raising the issues contained in Appellant's second PCRA Petition. Our Supreme Court has set forth the proper framework for alleging a layered ineffective assistance of counsel claim in the context of the PCRA:

> [I]n order for a petitioner to properly raise and prevail on a layered ineffectiveness claim, sufficient to warrant relief if meritorious, he must **plead**, **present**, and **prove** the ineffectiveness of Counsel 2 (appellate counsel), which as we have seen, necessarily reaches back to the actions of Counsel 1 (trial counsel). To preserve (plead and present) a claim that Counsel 2 was ineffective in our hypothetical situation, the petitioner must: (1) **plead**, in his PCRA petition, that Counsel 2 was ineffective for failing to allege that Counsel 1 was ineffective for not [taking the suggested actions], *see Commonwealth v. Marrero*, [] 748 A.2d 202, 203, n. 1 (Pa. 2000); and (2) **present** argument on, i.e., develop, each prong

- 5 -

of the Pierce test as to Counsel 2's representation, in his briefs or other court memoranda.

***Commonwealth v. McGill***, 832 A.2d 1014, 1022 (Pa. 2003) (emphasis in original).

Although layered ineffectiveness claims may be raised in a PCRA petition, the PCRA's timeliness requirements still apply. ***Commonwealth v. Pursell***, 749 A.2d 911, 915-16 (Pa. 2000); ***see also Commonwealth v. Paddy***, 15 A.3d 431, 443-44 (Pa. 2011) (outlining requirements for preserving layered ineffectiveness of counsel claims under the PCRA). Claims of ineffectiveness of PCRA counsel cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter unless there is recognition of a constitutional right to effective collateral review counsel. ***Commonwealth v. Ford***, 44 A.3d 1190, 1201 (Pa. Super. 2012). A petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss when counsel files a Turner/Finley no-merit letter to the PCRA court. ***Id***. at 1198.

In addition, our Supreme Court has held that "subsequent counsel's review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling Appellant to the benefit of the [PCRA's timeliness] exception" provided in Section 9545(b)(1)(ii). ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000); ***see also Commonwealth v. Lark***, 746 A.2d 585, 589 (Pa. 2000) (holding that an allegation of counsel ineffectiveness is not sufficient

justification to overcome otherwise untimely PCRA claims). ***See also***

***Commonwealth v. Pursell***, 749 A.2d 911, 916-17 (Pa. 2000) (rejecting a

claim based on the newly discovered facts exception to the PCRA's time bar

when the "facts" which formed the bases of the claim were alleged to have

been unknown until petitioner was advised of them by current counsel).

Because case law provides that counsel ineffectiveness is not a "new

fact" so as to render this second Petition timely, Appellant has failed to plead

and prove an exception to the PCRA's time bar.[4]

The PCRA court properly determined that Appellant's PCRA Petition was

untimely filed and failed to satisfy the "discovered fact" exception to the

PCRA's timeliness requirements. The PCRA court was, thus, without

jurisdiction to entertain Appellant's second PCRA Petition and properly

dismissed the Petition.[5]

Order affirmed.

_____

[4] Moreover, it is disingenuous, at best, for Appellant to argue that he was unaware of either the trial delay or sentence before he filed the instant Petition because Appellant acknowledges in his Brief that he became aware of his present claims when his first PCRA counsel filed his ***Finley*** letter in 2011. Appellant's Brief at 12.

[5] Moreover, Appellant fails to develop his ineffectiveness claims with analysis of the three-prong ineffectiveness test, fails to cite the record, and fails to cite authority in support of his claims. Thus, even if an exception to the PCRA's time bar did apply, Appellant has waived his ineffectiveness claims. ***See Commonwealth v. Perez***, 93 A.3d 829, 838 (Pa. 2014) (finding that claims failing to advance developed argument or cite supporting authorities and record are waived).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/18