J-A25011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                    :           PENNSYLVANIA
                                                    :

          v.                             :
                                                    :

MICHAEL GRANT                    :
                                                    :

                Appellant         :     No. 1847 EDA 2017

Appeal from the PCRA Order June 1, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003425-2007,
CP-51-CR-0003426-2007

BEFORE: PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.:                     **FILED MAY 06, 2019**

Michael Grant ("Appellant") appeals from the Order dismissing his Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"). He avers, among other things, that trial and appellate counsel provided ineffective assistance. After careful review, we affirm.

A jury convicted Appellant of numerous offenses arising from an armed carjacking and shooting at pursuing police officers. This Court previously set forth the underlying factual and procedural history as follows:

> At approximately 6:45 p.m. on December 29, 2006, [Appellant] and his co-defendant, Antwuan White, approached Mahn Doan outside of 2800 Bittern Place in Philadelphia. [Appellant] and White, who were wearing ski masks and dark coats, held Doan at gunpoint. They ordered Doan to hand over his money and car keys. When Doan pretended to not understand English, [Appellant] removed his mask, grabbed Doan by the jacket, and repeated his demand. In order to stall, Doan handed them the wrong set of keys. When [Appellant] and White discovered that

the keys did not fit the car door, [Appellant] threatened to shoot Doan if he did not relinquish the correct key. Doan complied, and [Appellant] and White drove away with the car, Doan's cell phones, and his four dollars.

Doan then went across the street to the home of a police officer, who called 911 for Doan. Coincidentally, another off-duty police officer witnessed the incident from his car and pursued [Appellant] and White. The pursuit turned into a high-speed car chase [through a residential neighborhood]. At the intersection of 65th Street and Eastwick Street, [Appellant] exited the stolen vehicle to fire several gunshots at the off-duty officer pursuing them. [Appellant] then returned to the car, and the chase resumed. As they crossed the Passyunk Bridge, [Appellant] again fired his weapon at the officer, who returned fire. When [Appellant] and White reached the corner of Sixth and Ritner Streets, they stopped the vehicle and attempted to escape on foot. The officer chased and arrested White. Doan was brought to the scene and identified White as one of his assailants.

[Appellant] was arrested later at the University of Pennsylvania Hospital [on December 30, 2006] when he sought treatment for a gunshot wound to the arm. Although [Appellant's] physical characteristics did not match the first description given by Doan, the police had reason to believe that [Appellant] was the second perpetrator. The police constructed a photographic array around [Appellant's] actual physical characteristics and presented the array to Doan for identification. The presenting officer informed Doan that the police had a suspect, but the officer did not suggest which one of the eight persons in the array was the suspect. Doan positively identified [Appellant] from the array.

[The court held a preliminary hearing on March 20, 2007, and the matter was held for court. The Commonwealth filed the Information on April 2, 2007. Appellant was released on nominal bail to house arrest with electronic monitor on July 27, 2007, pursuant to Pa.R.Crim.P. 600(E). The court revoked Appellant's release after his arrest for having two women purchase firearms for him.]

[The court granted one continuance of 24 days to the Commonwealth, which was not excusable delay for purposes of Rule 600. The court continued the trial an additional 57 days due to the complainant's unavailability. In addition, the court granted numerous continuances to Appellant, which amounted to 251 days

- 2 -

of excludable time. Further, 133 days was excludable from the Rule 600 calculation due to the court's schedule.]

Prior to trial, [Appellant] moved to suppress all identifications and the testimonies of Sharee Bostic and Lawandra Casey. Both Bostic and Casey were prepared to testify that they had straw purchased nine millimeter (9mm) handguns for [Appellant]—the same caliber of weapons as the shell casings recovered from the scene. The trial court denied [Appellant's] motions to suppress. The court also granted, over [Appellant's] objection, the Commonwealth's motion *in limine* to introduce the 911 recordings that captured some of the incident in live action. All of the foregoing evidence was admitted at trial. [In addition, Appellant stipulated to the authenticity of the 911 tapes prior to their introduction to the jury.]

A jury convicted [Appellant] of one count of robbery by threat of serious bodily injury,[1] one count of criminal conspiracy,[2] one count of robbery of a motor vehicle,[3] one count of carrying a firearm without a license,[4] one count of carrying a firearm in public in Philadelphia without a license,[5] and one count of possessing an instrument of crime.[6] On November 25, 2008, the trial court sentenced [Appellant] to an aggregate term of twenty-five to fifty years of imprisonment, followed by fifteen years of probation.

***Commonwealth v. Grant***, No. 114 EDA 2009, at 1-4 (Pa. Super. filed Aug. 4, 2010); *see also* N.T. Sentencing, 11/05/2008, at 20-25.

This Court affirmed the Judgment of Sentence and the Pennsylvania Supreme Court denied allowance of appeal on March 20, 2011. ***Commonwealth v. Grant***, 19 A.3d 1050 (Pa. 2011).

---

[1] 18 PA. C.S. § 3701(a)(1)(ii).
[2] 18 PA. C.S. § 903(a)(1).
[3] 18 PA. C.S. § 3702(a).
[4] 18 PA. C.S. § 6106(a)(1).
[5] 18 PA. C.S. § 6108.
[6] 18 PA. C.S. § 907(a).

On November 30, 2011, Appellant filed *pro se* the instant PCRA Petition. The court appointed counsel on March 12, 2012, who filed an amended Petition on July 27, 2014, adopting Appellant's issues raised in his *pro se* filing. On May 13, 2016, the Commonwealth filed a Motion to Dismiss. On July 15, 2016, Appellant filed a Motion seeking permission to file a "supplement" to the Amended PCRA Petition and a Supplemental Petition for PCRA Relief. The Commonwealth responded. On August 26, 2016, the PCRA court filed a Notice of its intent to dismiss the Petition pursuant to Pa.R.Crim.P. 907, to which Appellant responded. On November 28, 2016, the Commonwealth filed a response to Appellant's Rule 907 Response, again filing its Motion to Dismiss annexed as an exhibit. Appellant responded on January 17, 2017, and the Commonwealth responded to Appellant's response.

On April 24, 2017, the court again filed a Rule 907 Notice, and on June 1, 2017, the court granted the Commonwealth's Motion and dismissed the Petition. Appellant timely appealed on June 5, 2017. On June 12, 2017, counsel filed a motion to withdraw as counsel with the trial court, and on July 5, 2017, counsel filed an ordered Pa.R.A.P. 1925(b) statement. On September 22, 2017, the trial court granted counsel's motion and appointed current counsel, Daniel A. Alvarez, Esq., to represent Appellant in this appeal.[7]

_____

[7] We note that after Appellant filed his Notice of Appeal, the PCRA court no longer had jurisdiction. However, in the interests of judicial economy, we accept the trial court's appointment of appellate counsel.

J-A25011-18

Appellant raises the following 10 issues, renumbered for ease of disposition, challenging the stewardship provided by trial and appellate counsel:

> 1. Did the Commonwealth violate **Brady**[8] by intentionally withholding or by gross negligence failing to discover the complainant's criminal record, to include for *crimen falsi*?
>
> 2. Was trial (and appellate counsel) counsel ineffective for not raising a speedy trial motion to dismiss?
>
> 3. Were trial and appellate counsel ineffective for not raising issues of police negligence and/or misconduct?
>
> 4. Were trial and appellate counsel ineffective while arguing for suppression of the in-court and out of court identification by the complainant as a result of failure to investigate?
>
> 5. Was trial counsel ineffective for failing to competently investigate whether there were any eyewitnesses or alibi witnesses?
>
> 6. Were trial and appellate counsel ineffective in challenging the introduction of the 911 tapes of police officers at trial where they were offered to inflame the emotions of the jurors, and where its probative value was substantially outweighed by its unfair prejudice, confusion of issues, undue delay and cumulative effect?
>
> 7. Was appellate counsel ineffective for not raising trial counsel's failure to object to the Commonwealth's failure to disclose the results of the ballistic expert's ballistics examination, during the motion *in limine*, which resulted in the lower court's permitting the testimony of Sharee Bostsic and Lawandra Casey?
>
> 8. Was trial counsel ineffective for failing to request adequate jury instructions?

---

[8] **Brady v. Maryland**, 373 U.S. 83, 87 (1963). Although not stated in his Statement of Questions Involved, Appellant notes in his Brief that trial counsel failed to discover and obtain the complainant's criminal record. The trial court addressed this claim as an ineffectiveness claim and we will do likewise.

- 5 -

9. Was trial counsel ineffective for failing to object to or request a mistrial when the Commonwealth acted in bad faith by including speculative and inaccurate comments at trial intended to create bias and hostility toward Appellant, while bolstering the complainant's testimony?

10. Was trial counsel ineffective for failing to challenge with post-sentence motions the excessiveness of the sentence where the lower court entered a sentence more than needed for the protection of the public, and where many of the charges received sentences that were upward guideline departures where the trial court failed to consider compelling mitigation factors presented by the Appellant?

Appellant's Brief at 4.[9]

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.

---

[9] Appellant also raises the following issue, originally numbered as 6: "Did the lower court err in not granting a lineup as requested by trial counsel for the Complainant where the identification testimony in this matter was tainted?" This issue as stated is not cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)-(4); 42 Pa.C.S. § 9544(b). Moreover, in his brief, Appellant asserts in one phrase of one sentence in conclusion, without any development, that "Appellant's counsel should have objected to and pointed this out." Appellant's Brief at 28. He then "incorporate[s] by reference" the arguments of his PCRA Petition. Our Supreme Court has categorically rejected incorporation by reference as a means of presenting an issue. *See Commonwealth v. Briggs*, 12 A.3d 291, 342–43 (Pa. 2011) (citations omitted) (stating that, where an appellant incorporates prior arguments by reference in contravention of Pa.R.A.P. 2119(a) and (b), he or she waives such claims on appeal). We, thus, decline to address this issue.

Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

## Ineffective Assistance of Counsel

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id***. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003) (citations omitted). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

With respect to layered ineffectiveness claims, the Pennsylvania Supreme Court has provided the following guidance:

> [I]n order for a petitioner to properly raise and prevail on a layered ineffectiveness claim, sufficient to warrant relief if meritorious, he must **plead, present,** and **prove** the ineffectiveness of Counsel 2 (appellate counsel), which as we have seen, necessarily reaches back to the actions of Counsel 1 (trial counsel). To preserve (plead and present) a claim that Counsel 2 was ineffective in our hypothetical situation, the petitioner must: (1) **plead,** in his PCRA petition, that Counsel 2 was ineffective for failing to allege that

Counsel 1 was ineffective for not [taking the suggested actions], *see Commonwealth v. Marrero*, 748 A.2d 202, 203, n. 1 (2000); and (2) **present** argument on, *i.e.*, develop, each prong of the *Pierce* test as to Counsel 2's representation, in his briefs or other court memoranda. Then, and only then, has the petitioner preserved a layered claim of ineffectiveness for the court to review[.]

*Commonwealth v. McGill*, 832 A.2d 1014, 1022 (Pa. 2003) (emphasis in original).

"Where, however, the petitioner fails to plead, present and prove all three prongs of the [] test regarding the underlying issue of trial counsel's ineffectiveness, … [a] petitioner is unable to establish the requisite arguable merit prong of his layered claim of appellate counsel's ineffectiveness." *Commonwealth v. Reyes*, 870 A.2d 888, 897 (Pa. 2005) (citation omitted).

Appellant raises ten ineffective assistance of counsel claims. We address the merits of each underlying issue *seriatim*.

### *Brady* claim

Appellant first asserts that the Commonwealth improperly withheld from defense counsel the fact that, when he testified, the victim had convictions for *crimin falsi* offenses. He asserts that "only the Commonwealth has access to the FBI criminal record database," and the victim's social security number, so "the Commonwealth's contention that they could not have known and did not know of the [victim's] criminal record [because of his use of aliases] is completely without credibility." Appellant's Brief at 14. He asserts that "the *crimen falsi* criminal record would have been used by Appellant at trial to

impeach the victim; and this resulted in great prejudice to the Appellant." *Id*. In a one-sentence footnote, Appellant "contends that the trial counsel failed to discover and obtain the [victim's] criminal record." *Id*., at 14 n.3.

*Brady* provides that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. *See also* Pa.R.Crim.P. 573(B)(1)(a) (pertaining to the mandatory disclosure of evidence favorable to the accused which is material to guilt or to punishment of the accused, and which is within the possession or control of the prosecutor).

Impeachment evidence falls within the parameters of *Brady*. *United States v. Bagley*, 473 U.S. 667, 676 (1985). As the United States Supreme Court has stated, "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general [*Brady*] rule." *Giglio v. United States*, 405 U.S. 150, 154 (1972) (quoting *Napue v. Illinois*, 360 U.S. 264, 269 (1959)). "Thus, at the time of [the] appellant's trial, the Commonwealth was required to provide [the] appellant with information in its possession [that] impacted upon the credibility of its witnesses." *Commonwealth v. Galloway*, 640 A.2d 454, 457 (Pa. Super. 1994).

It is without doubt that the information upon which Appellant bases his *Brady* violation claim may have "impacted upon the credibility" of the victim.

*Id*. However, to establish a *Brady* violation, an appellant must prove three elements: "(1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; **and** (3) prejudice ensued." *Commonwealth v. Weiss*, 81 A.3d 767, 783 (Pa. 2013) (emphasis added). In addition, "[t]he withheld evidence must have been in the exclusive control of the prosecution at the time of trial. No *Brady* violation occurs when the defendant knew, or with reasonable diligence, could have discovered the evidence in question. Similarly, no violation occurs when the evidence was available to the defense from a non-governmental source." *Commonwealth v. Haskins,* 60 A.3d 538, 547 (Pa. Super. 2012).

In order to demonstrate prejudice, "the evidence suppressed must have been material to guilt or punishment." *Commonwealth v. Gibson,* 951 A.2d 1110, 1126 (Pa. 2008).

> Evidence is material under *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the trial could have been different. *Kyles v. Whitley,* 514 U.S. 419, 433–34[ ] (1995). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial does not establish materiality in the constitutional sense." *Commonwealth v. McGill,* [ ] 832 A.2d 1014, 1019 ([Pa.] 2003) (quoting *U.S. v. Agurs,* 427 U.S. 97, 109–10[ ] (1976)). The relevant inquiry is "not whether the defendant would more likely than not have received a different verdict with the evidence, but **whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence."** *Kyles,* 514 U.S. at 434 [ ] [(emphasis added)]. To prove materiality where the undisclosed evidence affects a witness' credibility, a defendant "must demonstrate that the reliability of the witness may well be

determinative of the defendant's guilt or innocence." ***Commonwealth v. Johnson***, 556 Pa. 216, 727 A.2d 1089, 1094 (1999).

***Haskins,*** 60 A.3d at 547 (duplicative citations omitted; emphasis added).

In the instant case, while the evidence at issue may have been favorable to Appellant in that it may have provided a basis to impeach the credibility of the victim's testimony, we cannot conclude that had the evidence been disclosed, there is a reasonable probability that "the result of the trial would have been different." ***Kyles***, ***supra*** at 433 (citation omitted). As the trial court observed:

> Here, there is no evidence the Commonwealth was aware of the victim's criminal convictions. [The victim] did have several criminal convictions, but those convictions were all prosecuted under a different name. Therefore, searching for [the victim's] name would not have revealed the convictions. Further Petitioner does not allege how the lack of impeachment on the victim's criminal record would cause prejudice in light of the overwhelming evidence of guilt. Indeed, the victim was not the only witness to identify defendant, and there was also significant circumstantial evidence of guilt. This claim is meritless. Because this claim is meritless, trial counsel cannot be deemed ineffective for failure to cross-examine on these grounds.

Trial Ct. Op., filed Sept. 29, 2017, at 7.

The record supports the PCRA court's analysis. Appellant could not prove that the Commonwealth knew or possessed any impeachment evidence, and he cannot show that there is a reasonable probability the outcome of the trial would have been different or that he received an unfair trial. Accordingly, Appellant's ***Brady*** claim is meritless, and his claim of trial counsel's ineffectiveness, thus, fails.

### Pa.R.Crim.P. 600

Appellant next asserts a layered ineffectiveness claim, averring that counsel should have filed a Rule 600 motion to dismiss because "much more than 365 days had elapsed from arrest to the time of trial." Appellant's Brief at 18.[10]

Under Rule 600, "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). "[P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence." Pa.R.Crim.P. 600(C)(1). "Any other periods of delay shall be excluded from the computation." *Id*.

To determine whether dismissal is required for a violation of Rule 600, "a court must first calculate the 'mechanical run date,' which is 365 days after the complaint was filed." *Commonwealth v. Goldman*, 70 A.3d 874, 879 (Pa. Super. 2013). Thereafter, an adjusted Rule 600 run date is computed,

---

[10] In a footnote, Appellant asserts that appellate counsel was also ineffective "on this point" and "incorporate[s] by reference" his argument as found in his *pro se* PCRA Petition. Appellant's Brief at 15 n.4. Our Supreme Court has categorically rejected incorporation by reference as a means of presenting an issue. *See Commonwealth v. Briggs*, 12 A.3d 291, 342–43 (Pa. 2011). Accordingly, we conclude Appellant waived his claim challenging appellate counsel's assistance for failing to raise a Rule 600 issue.

and the defendant is entitled to discharge under Rule 600 only where trial started after the adjusted run date. *Id.* (noting that Rule 600 "provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time.").

The adjusted run date is calculated by adding to the mechanical run date both excludable and excusable delay. *Id.* Excludable delay is delay caused by the defendant or his lawyer. *Id.* "Excusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence." *Id.* Excusable delay encompasses a wide variety of situations where the postponement of trial was outside of the Commonwealth's control. *Commonwealth v. Armstrong*, 74 A.3d 228, 236 (Pa. Super. 2013). Additionally, "[d]ue diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Id.* (citation omitted).

Finally, we are mindful that Rule 600 not only guards a defendant's speedy trial rights, but also protects society's interest in prosecuting crime. "[T]he administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth." *Id.* at 235. Thus, if "there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial

rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime." ***Id***.

Here, the Commonwealth filed the information on April 2, 2007, and the mechanical run date was, thus, April 1, 2008.[11]  From April 2, 2007, until the date of trial, September 19, 2008, 537 days elapsed, thus, exceeding the 365-day period provided in Rule 600.  However, in addressing the delays in its Pa.R.A.P. 1925(a) Opinion, the court stated:

> [T]he vast majority of the delay was due to either defense continuances or difficulties in court scheduling.  These delays cannot be properly attributed to the Commonwealth. When all excludable and excusable time is considered, defendant was brought to trial well within 365 of his arrest.  Thus, the case was tried within the time allotted by Rule 600.  In light of the foregoing, counsel cannot be deemed ineffective for failing to file a meritless . . . Rule 600 motion.

Trial Ct. Op., 9/29/17, 9-10.

In support of his claim, Appellant presents a rather sketchy recitation of certain delays that occurred, and concludes that "only 23 [days] were attributable to the defense, and 615 were attributable to the Commonwealth." Appellant's Brief at 20.  Our review of the docket indicates that Appellant grossly misstates the facts.

The calculation of time for Rule 600 purposes began to run on April 2, 2007, when the Commonwealth filed its information.  ***See*** Rule 600(A)(2)(a),

---

[11] The calculation accounts for the extra day in the 2008 leap-year.

*supra*. The mechanical run date was, therefore, April 1, 2008. When Appellant's trial began September 19, 2008, a total of 537 days had elapsed.

Our review of the docket shows that of 81 days of delay attributable to the Commonwealth, 57 days were excusable due to the unavailability of the complainant and the court's schedule.[12] Further, our review shows that Appellant requested four continuances, totaling 251 days of excludable delay. Finally, 133 days of delay was due to the court's scheduling conflicts. Accordingly, 441 days were excludable and/or excusable delay.

Therefore, adding these days to the mechanical run date renders an adjusted run date of June 16, 2009. Appellant's trial began on September 19, 2008, well within the adjusted run date. Accordingly, Appellant's Rule 600 issue has no merit. Because Appellant has not proven all three prongs of the ineffectiveness test, this ineffectiveness claim fails.

### Police negligence and/or misconduct

Appellant contends that there was "separate[ ] and especially cumulative[ ]" police "misconduct and/or negligence" that "were 'bad faith' acts and unfairly prejudiced him" Appellant's Brief at 22. He lists 9 instances of alleged misconduct, *see id.* at 22, and summarily concludes that trial counsel was ineffective for failing to investigate and argue that the photo array identification should not have been introduced at trial as a prior identification

---

[12] Appellant has not alleged, and the record does not show, that the Commonwealth did not act with diligence.

because Appellant was in the hospital and allegedly arrested prior to the identification, and defense counsel was not present when the complainant picked Appellant out of the photo array. With respect to the other instances of alleged police misconduct/negligence, Appellant "incorporate[s] by reference" the arguments set forth in his PCRA Petition. We conclude Appellant has waived this issue for the following reasons.

To develop an issue for our review, Appellant bears the burden of ensuring that his argument section includes citations to pertinent authorities as well as discussion and analysis of the authorities. *See* Pa.R.A.P. 2119(a); ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." (citations omitted)). As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." ***Id***. (citation omitted). Where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." ***Id.*** (citations omitted).

With respect to the one instance Appellant specifically challenges in his Brief, he contends that he was under arrest while in the hospital because he "was not free to leave" and his clothes had been taken by police as evidence because he was a suspect. Aside from these conclusory statements and

citation to his PCRA Petition, he fails to develop an argument with citation to the record or authority beyond citation to boilerplate case law. Appellant's failure to develop an argument as required by our briefing rules significantly hampers this Court's review.

In addition, our Supreme Court has categorically rejected incorporation by reference as a means of presenting an issue. *See Commonwealth v. Briggs*, 12 A.3d 291, 342–43 (Pa. 2011) (citations omitted) (stating that, where an appellant incorporates prior arguments by reference in contravention of Pa.R.A.P. 2119(a) and (b), he or she waives such claims on appeal). Accordingly, we conclude Appellant has waived this issue and, thus, this ineffectiveness claim garners no relief.

### Suppression Motion

In a two-paragraph presentation, Appellant asserts a layered ineffectiveness claim ostensibly challenging the manner in which trial counsel argued his pre-trial suppression motion, "especially with regard to the post-arrest photo array that took place in violation of Appellant's right to counsel." Appellant's Brief at 25. Appellant then incorporates by reference the arguments presented in his PCRA Petition. *Id*. Appellant utterly fails to provide any factual context, citation to the record, citation to legal authority, or a developed argument in his Brief. Accordingly, this claim is waived. Pa.R.A.P. 2119(a)-(e); *Briggs*, *supra* at 342–43.

**Failure to Investigate**

In his fifth issue, Appellant "contends that trial counsel failed to competently investigate whether there were any eye witnesses or alibi witnesses on Appellant's behalf." Appellant's Brief at 26. In support, Appellant contends that preliminary hearing counsel ignored his requests to obtain footage from a fast food restaurant "miles away during the approximate time of the incident" which would have been exculpatory when combined with a receipt from the restaurant. *Id*., quoting PCRA Petition, 11/30/11, at 31. He avers that there was at least one alibi witness who counsel should have called, an employee of the restaurant, who would corroborate his alibi that Appellant was there at the time of the shooting. He then incorporates by reference the argument asserted in his PCRA Petition.

As noted above, incorporating an argument by reference results in waiver of the claim. *Briggs*, *supra* at 342–43.

Moreover, we note that Appellant's counsel did file a Notice of Alibi Defense in the trial court on June 28, 2007, listing the names of five individuals. Appellant's asserted alibi was that he was "travelling in West Philadelphia near 5400 Pashall Avenue" at the time of the shooting. Notice of

Alibi Defense, filed 6/28/07.[13] Accordingly, there is no merit to Appellant's claim that counsel failed to ascertain the existence of alibi witnesses.

Most significantly, Appellant fails to acknowledge that during a colloquy with the court, Appellant stated that he had discussed with his counsel calling potential witnesses, beside defense counsel's investigator who testified, and concluded that it was "best not to." N.T., 9/23/08, at 50. "A defendant who voluntarily waives the right to call witnesses during a colloquy cannot later claim ineffective assistance[.]" **Commonwealth v. Lawson**, 762 A.2d 753, 756 (Pa. Super. 2000).[14] Thus, even if not waived, we would conclude the issue is meritless.

_____

[13] The Notice of Alibi Defense does not indicate that Appellant was in a restaurant at the time of the incident. **See** Notice of Alibi Defense, filed June 28, 2007.

[14] Moreover, as the trial court acknowledged in its Rule 1925(a) Opinion, in order to obtain relief on a claim that counsel failed to investigate the existence of witnesses, an appellant must show the court that (1) the witnesses existed; (2) the witnesses were available and prepared to cooperate and testify on the appellant's behalf; (3) counsel was informed of the existence of the witnesses or should have known of their existence; and (4) the absence of the testimony prejudiced the appellant. **Commonwealth v. Lawson**, 762 A.2d 753, 756 (Pa. Super. 2000). Here, Appellant has not identified the alleged alibi witness by name, and has failed to submit an affidavit from the alleged witness indicating he/she was available and willing to testify on Appellant's behalf. Moreover, there is nothing in the record indicating that trial counsel knew of this alleged alibi prior to or during trial since his Notice of Alibi Defense states that he was traveling on a street at the time of the incident. Accordingly, Appellant's claim, even if not waived, would garner no relief.

**<u>Preliminary Hearing Lineup Request</u>**

Appellant next contends that preliminary hearing counsel was ineffective for not challenging the preliminary hearing court's denial of his request for a lineup. Appellant contends that the Commonwealth "confused and/or misled" the preliminary hearing court when it stated only the circumstances surrounding the arrest of his co-defendant which led to the denial of the lineup request. Appellant's Brief at 27-28. He asserts that Appellant's counsel should have "objected to and pointed this out." ***Id***. at 28. He then incorporates by reference the arguments presented in his PCRA Petition, providing no further discussion or analysis in his Brief.

We conclude Appellant has waived this claim. ***See Briggs***, ***supra*** at 342–43 (stating that where an appellant incorporates prior arguments by reference in contravention of Pa.R.A.P. 2119(a) and (b), he or she waives such claims on appeal); Pa.R.A.P. 2119 (briefing requirements).[15]

---

[15] Moreover, we note that the victim identified Appellant from a photo array shortly after the incident, and one of the police officers involved in the car chase identified Appellant from both a subsequent lineup and at trial. ***See*** N.T., 9/18/08, at 119-27; 9/19/07 at 10, 14; and 9/22/08, at 107. Appellant does not explain to this Court how the failure of the preliminary hearing counsel to challenge the court's denial of his then-request to conduct a lineup caused him to suffer prejudice.

**Failure to advise properly regarding stipulation of 911 tapes' authenticity**

Appellant next contends that, although counsel challenged the introduction of the 911 tapes that were recorded during the high speed chase by Officer Williams of the suspects, counsel ultimately provided ineffective and incompetent advice to Appellant prior to his agreeing to stipulate to the tape's authenticity in light of their prejudicial nature. Appellant's Brief at 28. Once again, Appellant utterly fails to present any discussion or argument to support his claim, stating only that the tapes were inflammatory and prejudicial and then incorporating by reference the arguments outlined in his PCRA Petition. Appellant has waived this issue for, once again, failing to develop it in accordance with our rules of appellate procedure.[16] *See* Pa.R.A.P. 2119(a)-(e); *Briggs*, *supra* at 342–43. Accordingly, no relief is due.

**Appellate counsel's failure to raise trial counsel's failure**

Appellant asserts appellate counsel should have raised trial counsel's failure to object to the Commonwealth's failure to disclose the results of the expert ballistics report when the motion *in limine* was argued. Appellant's Brief at 29. Appellant again makes no attempt to present any argument or

---

[16] In addition, in our disposition of Appellant's direct appeal, this Court held that the trial court did not abuse its discretion in admitting the tapes. *See Commonwealth v. Grant*, No. 114 EDA 2009, at 9 (Pa. Super. filed Aug. 4, 2010). Accordingly, Appellant's claim that the tapes were highly prejudicial has been previously litigated and cannot be addressed in the context of the PCRA. 42 Pa.C.S. § 9543(a)(3).

analysis, instead incorporating by reference "the entirety of his argument in his PCRA Petition." Accordingly, this issue is waived. ***See*** Pa.R.A.P. 2119(a)-(e); ***Briggs***, ***supra***.

Moreover, the time for challenging trial counsel's assistance is in a post-conviction relief petition, not on direct appeal. 42 Pa.C.S. § 9543(a)(2)(ii); ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002). Accordingly, appellate counsel could not be found ineffective for failing to challenge trial court's stewardship on direct appeal.

### Failure to request adequate jury instructions

After stating that trial counsel "failed to competently request adequate jury instructions" at the charging conference, Appellant states "[t]he arguments outlined in the PCRA Petition are hereby incorporated by reference herein." Appellant's Brief at 30. His failure to develop an argument as required by our rules of appellate procedure has, once again, resulted in the waiver of the issue. ***See*** Pa.R.A.P. 2119(a)-(e); ***Briggs***, ***supra***.

### Prosecutorial Misconduct

In his penultimate issue, Appellant contends that "trial counsel was ineffective when not requesting a mistrial in response to certain statements made by the Commonwealth during [c]losing [a]rguments, which amounted to prosecutorial misconduct." Appellant's Brief at 30. Appellant quotes from his PCRA Petition to direct our attention to the statements he asserts are part of the prosecutor's misconduct. ***See id***., at 30-31. He fails, however, to cite

to the record and presents no case law or legal analysis. Instead, Appellant again notes that "[t]he arguments outlined in the PCRA Petition are hereby incorporated by reference herein." *Id*. at 32. Accordingly, as with the other issues discussed above, this issue is waived. *See* Pa.R.A.P. 2119(a)-(e); *Briggs*, *supra*.

### Failure to file post sentence motions challenging excessiveness of sentence

In his last issue, Appellant asserts that trial counsel was ineffective for failing to file a Post-Sentence Motion challenging the excessiveness of his sentence. Because Appellant raised this challenge for the first time in his Pa.R.A.P. 1925(b) Statement, it is waived. *See* Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Melendez–Rodriguez*, 856 A.2d 1278, 1287 (Pa. Super. 2004) (*en banc*) (holding issues raised for first time in 1925(b) Statement waived).

**CONCLUSION**

In sum, we conclude that the issues Appellant raised in this appeal of the denial of his first PCRA Petition are either waived or without merit. Our review of the record supports the PCRA court's disposition and we discern no errors of law. We, thus, affirm the Order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/19